UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 18-17812-MER
REVOLAR TECHNOLOGY, INC. )
EIN: 82-3714017 ) Chapter 11
)
    Debtor. )
)

**MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 1112(b)**

    The Debtor, Revolar Technology, Inc. ("Revolar" or "Reorganized Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., pursuant to 11 U.S.C. § 1112(b)(4)(m), moves the Court for entry of an Order dismissing the above-captioned bankruptcy case., and in support thereof states as follows:

### I.     BACKGROUND

    1.    A Chapter 7 Involuntary Petition was filed against Revolar on September 5, 2018. The case was converted to Chapter 11 bankruptcy case on October 30, 2018.

    2.    Revolar is a Colorado corporation that marketed and sold mobile personal emergency response system devices.

    3.    During the pendency of the above-captioned case, Revolar engaged Sheridan Ross PC as special counsel ("Sheridan") to pursue patent infringement claims on its behalf (the "Litigation"). The cost to pursue the Litigation, estimated to range from $250,000 to more than $1,000,000, was to be funded by a third-party company that invests in intellectual property litigation (the "Funding Source"). Sheridan agreed that it would look solely to the Funding Source for payment of its fees and costs.

    4.    In addition to funding the Litigation, during the bankruptcy case the Funding Source provided working capital to Revolar in the total amount of $175,000.

    5.    The Retention Agreement between Revolar and Sheridan provided that any proceeds derived from the Litigation would be distributed as follows: first, to the Funding Source until it received an amount equal to $437,500; second, to Sheridan until it received an amount equal to 2 times all costs and attorney's fees invoiced; and third, any remaining Litigation Proceeds were to be distributed twenty-two and one half percent (22.5%) to Revolar, thirty-two and one half percent (32.5%) to Sheridan, and forty-five percent (45%) to Funding Source.

6. The Debtor filed its Amended Plan of Reorganization Dated February 18, 2020 (the "Plan") (Dkt. No. 179). The Litigation was the centerpiece of Revolar's Plan to repay its creditors, though the Plan also provided for the possible sale or license of Revolar's assets, including its intellectual property.

7. The Plan provided for appointment of R2 Advisors LLC as the Plan Administrator ("PA"), Revolar's sole and exclusive agent to carry out the terms of the Plan. The PA was to be paid a minimum of $2,500 per month, and there were incentive payments based upon distributions to creditors.

8. On May 21, 2020, the Court entered an Order Confirming the Plan (Dkt. No. 223).

9. On January 21, 2021, the PA submitted a letter of resignation (the "Letter") to Revolar, a copy of which was filed with the Court (Dkt. No. 257). The PA's analysis of the Litigation was that it would not produce sufficient funds to create a distribution to creditors, and in fact, the PA concluded in the Letter that the "cash waterfall currently in place between the [reorganized] Debtor, the Law Firm and the Funding Source, leads us to the conclusion that there is no real chance for the [reorganized] Debtor's estate to return any money to its creditors . . ." Moreover, the PA stated that "no actionable alternatives have been identified."

10. Moreover, the PA never received compensation from Revolar. As accurately described in the Letter, the "estate has no funds and is administratively insolvent. The estate currently owes a few hundred dollars to Wells Fargo as a result of electronic withdrawals and bank fees which have resulted in [Revolar's] bank account becoming negative."

## II. ARGUMENT

11. Section 1112(b)(1) states:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

> Section 1112(b)(4)(M) states:
>
> For purposes of this subsection, the term "cause" includes—
> (M) inability to effectuate substantial consummation of a confirmed plan;

12. Revolar has been unable to make a distribution to any creditor or compensate the PA, and Sheridan is owed fees for post-confirmation services. The term "substantial consummation" is defined in Section 1101(2) with three enumerated factors, all of which must be satisfied:

    a) transfer of all or substantially all of the property proposed by the plan to be transferred;

    b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    c) commencement of distribution under the plan.

13. Clearly, there has been no transfer of property proposed by the Plan, and distribution as contemplated under the Plan has not commenced.

14. Conversion of the case to one under chapter 7 would saddle a trustee with a hopelessly insolvent estate and a similar, though perhaps more difficult, burden previously assumed by the PA.

15. Dismissal of the above-captioned Chapter 11 bankruptcy case is in the best interest of the estate and creditors.

WHEREFORE the Debtor prays that the Court make and enter an Order dismissing this case, and for such further and additional relief as to the Court may appear proper.

Dated: April 7, 2021                  Respectfully submitted,

By: */s/Jeffrey S. Brinen*_____
Jeffrey S. Brinen, #20565
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln St., Suite 1720
Denver, CO 80264
Tel: 303-832-2400
E-mail: jsb@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on April 7, 2021, I served a complete copy of the foregoing **MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 1112(b) AND NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 OF MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 1112(b)** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Alison Goldenberg, Esq.
US Trustee Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Praful Shah
903 Northern Way
Superior, CO 80027

Megan M. Adeyemo, Esq.
555 17th Street
Suite 3400
Denver, CO 80202

Julianna Evans Caplan
1563 44th NW
Washington, D.C. 20007

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 17th Street
Suite 500
Denver, CO 80202

Intercoastal Financial, LLC
7954 Transit Road
#144A
Williamsville, NE 14221

Victor Lazzaro
2990 East 17th Street
#807
Denver, CO 80206

Robert Brunelli, Esq.
1560 Broadway
Suite 1200
Denver, CO 80202

Raymond H. Lemisch, Esq.
222 Delaware Avenue
Suite 801
Wilmington, DE 19801

Julianna Evans Caplan
1563 44th NW
Washington, D.C. 20007

/s/Vicky Martina